IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


TODD LOPEZ AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF JORGE VALERIO; LORENA
MATA; JORGE VALERIO,

      Plaintiff,

v.                              **Case No. 1:23-cv-01011 GJF/JMR**

GENESIS OILFIELD SERVICES
AND ALEJANDRO LEAL BELTRAN,

      Defendants.


### DEFENDANTS GENESIS OILFIELD SERVICES AND ALEJANDRO LEAL BELTRAN'S ANSWER TO COMPLAINT FOR NEGLIGENCE, GROSS NEGLIGENCE, WRONGFUL DEATH AND LOSS OF CONSORTIUM

COME NOW Defendants Genesis Oilfield Services and Alejandro Leal Beltran, by and through their attorneys of record, O'BRIEN & PADILLA, P.C., by Daniel J. O'Brien, and for their Answer to the Complaint for Negligence, Gross Negligence, Wrongful Death and Loss of Consortium, states as follows:

### THE PARTIES

1.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 1 of the Complaint.

2.     Defendants admit the allegations contained in paragraph 2 of the Complaint.

3.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 3 of the Complaint.

4.      Defendants are without sufficient information to admit or deny the allegations contained in paragraph 4 of the Complaint.

5.      Defendants are without sufficient information to admit or deny the allegations contained in paragraph 5 of the Complaint.

6.      Defendants admit the allegations contained in paragraph 6 of the Complaint.

7.      Defendants are without sufficient information to admit or deny the allegations contained in paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.      Defendants deny the allegations contained in paragraph 8 of the Complaint and states that jurisdiction and venue are proper in theUnited States District Court for the District of New Mexico.

## RELEVANT FACTS

9.      Defendants are without sufficient information to admit or deny the allegations contained in paragraph 9 of the Complaint and, therefore, deny same and demand strict proof thereof.

10.      Defendants are without sufficient information to admit or deny the allegations contained in paragraph 10 of the Complaint and, therefore, deny same and demand strict proof thereof.

11.      Defendants are without sufficient information to admit or deny the allegations contained in paragraph 11 of the Complaint and, therefore, deny same and demand strict proof thereof.

12.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 12 of the Complaint and, therefore, deny same and demand strict proof thereof.

13.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 13 of the Complaint and, therefore, deny same and demand strict proof thereof.

14.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 14 of the Complaint and, therefore, deny same and demand strict proof thereof.

15.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 15 of the Complaint and, therefore, deny same and demand strict proof thereof.

16.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 16 of the Complaint and, therefore, deny same and demand strict proof thereof.

17.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 17 of the Complaint and, therefore, deny same and demand strict proof thereof.

18.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 18 of the Complaint and, therefore, deny same and demand strict proof thereof.

19.     Defendants admit the allegations contained in paragraph 19 of the Complaint.

20.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 20 of the Complaint and, therefore, deny same and demand strict proof thereof.

21.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 21 of the Complaint and, therefore, deny same and demand strict proof thereof.

22.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 22 of the Complaint and, therefore, deny same and demand strict proof thereof.

23.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 23 of the Complaint and, therefore, deny same and demand strict proof thereof.

## CAUSE OF ACTION AGAINST GENESIS: DIRECT NEGLIGENCE AND RESPONDEAT SUPERIOR

24.     In response to paragraph 24 of the Complaint, Defendants incorporate their responses to the preceding paragraphs as set forth above.

25.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 25 of the Complaint and, therefore, deny same and demand strict proof thereof.

26.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 26 of the Complaint and, therefore, deny same and demand strict proof thereof.

27.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 27 of the Complaint and, therefore, deny same and demand strict proof thereof.

## CAUSE OF ACTION AGAINST DEFENDATN BELTRAN: NEGLIGENCE

28.     In response to paragraph 28 of the Complaint, Defendants incorporate their responses to the preceding paragraphs as set forth above.

29.     Defendants are without sufficient information to admit or deny the allegations contained in paragraphs 29, 29a., 29b. and 29c. of the Complaint and, therefore, deny same and demand strict proof thereof.

30.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 30 of the Complaint and, therefore, deny same and demand strict proof thereof.

## RESPONDEAT SUPERIOR

31.     Defendants are without sufficient information to admit or deny the allegations contained in the second numbered paragraph 30 of the Complaint and, therefore, deny same and demand strict proof thereof.

## WRONGFUL DEATH AND LOSS OF CONSORTIUM

32.     Defendants are without sufficient information to admit or deny the allegations contained in paragraphs 31, 31a., 31b., 31c., 31d. and 31e. of the Complaint and, therefore, deny same and demand strict proof thereof.

33.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 32 of the Complaint and, therefore, deny same and demand strict proof thereof.

34.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 33 of the Complaint and, therefore, deny same and demand strict proof thereof.

## PUNITIVE / EXEMPLARY DAMAGES

35.     In response to paragraph 34 of the Complaint, Defendants incorporate their responses to the preceding paragraphs as set forth above.

36.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 35 of the Complaint and, therefore, deny same and demand strict proof thereof.

37.     This Defendant is without sufficient information to admit or deny the allegations contained in paragraph 36 of the Complaint and, therefore, denies same and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that one or more of the following defenses should be available to Defendants in this matter.  Defendants accordingly reserve the right to assert these separate defenses.  If the facts warrant, Defendants may withdraw any of these defenses.  Defendants further reserve the right to amend their answer and defenses, and to assert additional defenses and other claims, as discovery proceeds.  Further answering, and by way of defense, Defendants state as follows:

**FIRST AFFIRMATIVE DEFENSE**

Defendants state that if they were at fault in any respect, then the negligence of all persons and entities, including that of the Plaintiffs, if any, must be considered and liability apportioned among all persons and entities at fault to the extent they may be found to be at fault.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs may have failed to mitigate their damages.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claim for punitive damages is barred by the First, Eight, and Fourteenth Amendments to the Constitution of the United States of America, as well as Article II, section 10; Article II, section 13; and Article II, section 19 of the Constitution of the State of New Mexico.  Under the facts of this case a demand for punitive damages is not justified and an award of punitive damages would constitute a denial of equal protection, a denial of due process and/or the imposition of an excessive fine.

**JURY DEMAND**

This Defendant hereby demands a trial by a 12-person jury.

WHEREFORE, Defendants Genesis Oilfield Services and Alejandro Leal Beltran, request that this Court dismiss with prejudice the Complaint for Negligence, Gross Negligence, Wrongful Death and Loss of Consortium and award Defendants costs and fees and such further and other relief as the Court deems proper.

Respectfully submitted,

O'BRIEN & PADILLA, P.C.


By: _/s/    Daniel J. O'Brien_____
    DANIEL J. O'BRIEN
    6000 Indian School Rd. N.E., Suite 200
    Albuquerque, NM 87110
    (505) 883-8181
    dobrien@obrienlawoffice.com
    *Attorneys for Defendants*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of November, 2023, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Stuart R. White
Kevin W. Liles
LILES WHITE PLLC
500 N. Water Street, Suite 800
Corpus Christi, TX 78401
Stuart@LilesWhite.com
Kevin@LilesWhite.com
*Attorneys for Plaintiffs*


_/s/ Daniel J. O'Brien_____
DANIEL J. O'BRIEN